JAMES BONINI
CLERK

12 AUG 24 PM 3: 23

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jeffrey Smith, et al – Plaintiffs, Pro-Se

vs.

City of Cincinnati, et al - Defendants

**1:12CV648**

SPIEGEL, J.

M.J. LITKOVITZ

## COMPLAINT

I. **Parties to the action:**
   **Plaintiffs:** Jeffrey Smith; and
   Jeffrey Smith for J M Smith (minor)
   6066 Bayberry Dr., Cincinnati Ohio 45242
   Phone: 513 791 5074, 513 470 0583 cell

   **Defendants:**
   City of Cincinnati
   John P. Curp
   City Solicitor, City of Cincinnati
   801 Plum St. Room 214
   Cincinnati Ohio 45202

   Connie Gallagher
   Director of Admitting and Utilization Review
   Cincinnati Children's Hospital
   Mail location 6019 or 5038, Children's Hospital
   3333 Burnet Avenue
   Cincinnati, Ohio 45229

   United States Patent and Trademark Office
   United States Attorney
   Southern District of Ohio
   Atrium II
   221 E. Fourth Street, Suite 400
   Cincinnati, OH 45202

   Diane C. Goodwyn
   Commissioner for Patents
   United States Patent and Trademark Office
   P.O. Box 1450
   Alexandria VA 22313-1450

   Alesia M. Brown
   Attorney Advisor

>Office of Petitions
>Mail Stop PETITION
>Commissioner for Patents
>United States Patent and Trademark Office
>P.O. Box 1450
>Alexandria VA 22313-1450
>
>Mark Levy
>Thompson Hine L.L.P.,
>Intellectual Property Group
>Austin Landing I
>10050 Innovation Dr. Suite 400
>Dayton OH 45342-4934

II. Subject Matter Jurisdiction
   a. Title 28 U.S.C. section 1343(3) [alleging that Defendants acting under color of State law including Operating Standards for Ohio Educational Agencies serving Children with Disabilities, deprived Plaintiffs of a right secured by federal law or the Constitution and its amendments including restrictions to due process, equal protection, and commerce clause]
   b. Title 28 U.S.C. section 1331 [arising under the Constitution or laws of the United States.]
   c. Title 29 U.S.C. section 701 et seq [ to include Americans with Disabilities Act including safeguards for education and employment, or Section 504 of the Rehabilitation Act of 1973, regulations et al to include 34 CFR section 104.33(b)(1) as description of free appropriate public education]
   d. Title 42 U.S.C. section 1983 [Civil Action for deprivation of rights, privileges, or immunities by liable Defendants from injury in an action at law or other proper proceeding for redress to include this action brought to include against a judicial officer for an act or omission taken because declaratory relief was unavailable]
   e. Title 20 U.S.C. section 1400 et seq [including Individual with Disabilities Education Act of 2004 and prior including Regulations, 34 CFR Part 300 et seq, and including right to bring this civil action as aggrieved despite Defendants alleging settlement, Plaintiffs still aggrieved party to include administrative Ohio due process SE-2157-2008, SE-2332-2009, or SE-2335-2009 as Ohio Operating Standards … 3301-51-05(K)(17) "…right to bring a civil action with respect to the due process complaint **notice** requesting…" herein referenced separately]
   f. Title 20 U.S.C. section 6301 et seq [No Child Left Behind Act of 2001]
   g. Title 20 U.S.C. section 1232(g) et seq [Family Educational Rights and Privacy Act]

      h. Section 504 of the Rehabilitation Act of 1973
      i. 14th Amendment of the U.S. Constitution including Section 4
      j. 10th Amendment of the U.S. Constitution and others as applicable in final arguments to the cause below.

A Father of a child classified to be with a disability without referral[1] and without demonstration of informed consent[2] as well as a Husband to Melissa Smith, and as a rental property owner, an inventor, a pilot, and aircraft Owner I, Jeffrey Smith am improperly taken, abused, and harassed for seeking to restore the status quo before acts and omissions of the Defendants after they failed in duties ignoring statute. Defendants' neglect rendered the Plaintiffs aggrieved, and eligible for redress. Having met Parental duty for due process I have suffered improper prosecution by Defendants with malice in assignment of a burden of proof to me when they knew or should have known it is the other Parties and Officials that seek to change the status quo. When my due process originated I could not intend to take it to civil court. The guidance of the U.S. Supreme Court is clear in assigning prosecution and safeguard responsibility to the Defendants that have a burden of proof in these matters pursuant to Shaffer v. Weast 2006 that includes initiation of the prosecution role before taking of the Defendants in change of the status quo education plan or education placement of JMS.

As my dignity, responsibility, community, and sanity requires this redress for my loss of health, loss of wellbeing, loss of liberty, loss of time, and loss of wealth; this action is reasonable and there has been no proof substantive of malice or abandonment by me substantive to a determination improperly denied yet required by statute and by the U.S. Constitution.

   III.   Statement of the Claim

This cause concerns the deliberate indifference to Defendants (that abandoned duty to prosecute before taking or before due process opportunity notice before taking to divert their burden of proof for seeking to change the status quo or for seeking to abandon their civil duty to rescue Plaintiffs intending malice. Improper includes use

---

[1] State Rule 3301-51-01
[2] As right, privilege, or immunity by State Rule 3301-51-01 (B)(12), or Special Education occurred before sought consent in violation of State Rule 3301-51-01 (C), or notice not met pursuant to State Rule 3301-51-05 (D)(1)(c), or violation of IEP Team attendance pursuant to State Rule 3301-51-07 (I)(5)(b)(i), or without timely safeguards notice of Parental Consent Procedural Safeguards pursuant to State Rule 3301-51-05 (I)(3) all including federal duties of 34 CFR Part 300 & 300.9 including 20 U.S.C. 1414(a)(1)(D), or without Parent agreement changes to the status of JMS pursuant to State Rule 3301-51-05 (K)(19)(a) while without State Rule 3301-51-05 (K)(19)(d), or without consent due to incomplete evaluations pursuant to State Rule 3301-51-06 (B)(1), or by judgment of the Office For Civil Rights of the U.S Department of Education violation of State Rule 3301-51-06 (A) all, or violation determining a specific learning disability pursuant to State Rule 3301-51-06 (H)(3) all, or neglecting without mutual agreement pursuant to State Rule 3301-51-06 (H). See 6th CIRCUIT FEDERAL COURT OF APPEALS CINCINNATI, OHIO JEFFREY SMITH, ET AL.,:CASE NO. **11-4317** Appeal of Case 1:10-cv-718 U.S. District Court Southern District of Ohio Western Division.

or denial by police or administrative retaliation including classifications unknown or other wise treated to be a nuisance to the Defendants.

Retaliation is considered by the Plaintiffs to be for a "Refusal to Consent" when I am properly unaware, or withholding consent when I have rights, privileges, or immunities known or yet to be disclosed to me.

"Nuisance" is but one known classification intended to deny me the fair-use or freedoms or obligations of government by statute or by constitution limits.

I seek proper treatment in good faith upon Protective Injunction to restore status quo and thereafter preserve property or freedom including fiar use and my 3rd party standings that the Defendants' behaviors reflect on me considered to be their impediments when I am properly awaiting due process denied with their knowledge.

They cannot prove "*mens rea*" or refuse to observe "*res judicata*" to harass me rising to threat of incarceration bringing improper demands on me or my freedom to community with my peers, commerce with my suppliers or customers, deny fair use or 3rd party rights to public resources, or otherwise prevent my acts in the public interest to support my daughter JMS.

Defendants' harassment of me rises to improper prosecution or police action without prior cause improper by interruption of due process intending takings substantive then by withholding or specific misrepresentation of resolution offer only a Hobson's choice, or no choice at all to "complaint process" that sacrifices my right to defense of the status quo, my rights, my privileges, or my immunities denied. Such intends or systemically hides Constitutional limits, statutory duties, or makes contract abuse of the Defendants subject to their intent to compel me to abandon improper.

   a. Today as objection to harassment preventing appeal by non final DISMISSED without cause truncation of due process by the Hamilton County Municipal Court, CINCINNATI, OHIO, STATE OF OHIO, HAMILTON COUNTY, CITY OF CINCINNATI.:CASE NO. /12/CRB/14503 as improper prosecution withholding due process; DISCRIMINATION, FRAUD, FAILURE TO SUPERVISE, IMPROPER QUESTION TO A FEDERAL OR STATUTORY OBLIGATION - DENIAL OF EQUAL PROTECTION, DENIAL OF PRIOR NOTICE INDIVIDUAL, or ILLEGAL ALLIANCE; including the lack of prosecution on hearing date June 7, 2012, on the lack of Miranda Warning and other prior notice of jurisdiction before claims of the government, and the lack of jurisdiction for yet another demand on Defendants that is irrefutably not a benefit to the Defendants or for yet another demand on Defendants after the government has exhausted its opportunity to prosecute, or for yet another demand on Defendants that is retaliation for rights, privilege, or immunity protected in statements Jeffrey Smith has made without an attorney for which the Court has improperly and in irregularity used against the Defendants;

b. <u>Petition to Revive, Petition to Final Approval</u>, by non final DISMISSED without cause, DISCRIMINATION, FRAUD, FAILURE TO SUPERVISE, IMPROPER QUESTION TO A FEDERAL OR STATUTORY OBLIGATION - DENIAL OF EQUAL PROTECTION, DENIAL OF PRIOR NOTICE INDIVIDUAL, or ILLEGAL ALLIANCE; Jeffrey Charles Smith; Appl: 2/123,571; Filed: May 20, 2008; MEDICAL DEVICE EMPLOYING TENSILE BARRIER SHEATH; Docket No.: 74568-00002; Examiner: Brandy C. Scott; Art Unit: 3767; on no fault of the Inventor.

**Small Entity or Exemption of PTO/SB/64 fee waived or responsible to atty M. Levy or Thompson Hine LLC ( by notice of** response to the Office action mailed April 19, 2011. The Commissioner is hereby authorized to charge any additional fees required, including the fee for an extension of time, or to credit any overpayment to Deposit Account 20-0809. The applicant(s) hereby authorizes the Commissioner under 37 C.F.R. §1.136(a)(3) to treat any paper that is filed in this application which requires an extension of time as incorporating a request for such an extension.**) substantive of the current Situation of no Inventor fault** for actions required to include events after June, 2011).

c. Improper eviction, Improper Closure of the Blue Ash Airport, Improper termination of 3rd party interest, DISCRIMINATION, FRAUD, FAILURE TO SUPERVISE, IMPROPER QUESTION TO A FEDERAL OR STATUTORY OBLIGATION - DENIAL OF EQUAL PROTECTION, DENIAL OF PRIOR NOTICE INDIVIDUAL, or ILLEGAL ALLIANCE.

Date certain or date of my discovery compelling abandonment of the airport on August 7, 2012. Upon report to the Defendant City of Cincinnati Solicitor and the City of Blue Ash Solicitor served August 10, 2012 of the action dated August 9, 2012 by Leonard Green Clerk for case no 11-4317 on appeal above.

IV. Previous or Pending lawsuits:

6th CIRCUIT FEDERAL COURT OF APPEALS CINCINNATI, OHIO; JEFFREY SMITH, ET AL.; CASE NO. **11-4317** Pending Petition for Rehearing; Appeal of Case 1:10-cv-718; U.S. District Court Southern District of Ohio Western Division

Hamilton County Municipal Court, CINCINNATI, OHIO, STATE OF OHIO, HAMILTON COUNTY, CITY OF CINCINNATI.:CASE NO. /12/CRB/14503

City of Cincinnati Administrative Hearing Notice
    Scheduled Monday August 27, 2012 10:30am
    Notice Number:     B201202891

City of Cincinnati Search Warrant un-served or improper

August, 2012 Police Action by District 4, Cincinnati Police

Hamilton County Eviction without notice, Cincinnati Blue Ash Airport

V. Relief -

First available I am for this cause on Letter by Federal District Court Clerk Bonini, July 9, 2012 upon which I was informed of this procedure to which I seek restoration of the status quo and to the extent the Court determines such to be unreasonable, to alternative relief allowing my freedom and commerce in support of my daughter JMS.

SUMMARY JUDGMENT

PROTECTIVE INJUNCTION:
To BLOCK, To PRESERVE –stem losses, To REDRESS:

Stay of :
City of Cincinnati Administrative Hearing Notice
Scheduled Monday August 27, 2012 10:30am
Notice Number: B201202891

City of Cincinnati Search Warrant un-served or improper
August, 2012 Police Action by District 4, Cincinnati Police
City of Cincinnati withheld "Initial Notice of Nuisance Activity" dated August 3, 2012 when such classification preceded the Muni Court Action above and was on notice dismissed inelligble for further harassment by principle of "*res judicata*".

Hamilton County Eviction without notice, Cincinnati Blue Ash Airport

Closing the Cincinnati Blue Ash Airport absent 3rd party interest representation, FAA interests,

Penalty or Hearing pending outcome of this cause including:

City of Cincinnati Administrative Hearing Notice
Scheduled Monday August 27, 2012 10:30am
Notice Number: B201202891
NOTICE OF CIVIL OFFENSE AND CIVIL FINE
dated August 4, 2012 without facts or recognition of City duty to establish "*mens rea*" before taking or to allow me to defend in due process.

City of Cincinnati


-Search Warrant un-served or improper August, 2012
-Police Action by District 4, including prior compelling me improperly in harassment by a District 4, Cincinnati Police TRESPASSING LETTER.

Hamilton County Eviction without notice, Cincinnati Blue Ash Airport.

**Stay** collection of Childrens Hospital billings in 2012 or others until final determination of this cause. Hospital reference # 6032857 on 7/27/2012 amount $979.83, and reference inv #1046527197 amount $159.18.

## Protection of, Blocking by, in Restoration of the Status Quo sought improperly or to be violated by the Defendants including of:

Pension abandonment by the City of Cincinnati of wife Melissa A. Smith to which Plaintiffs benefit by medical support. At this time Plaintiffs believe the City intends abandonment beginning in 2012.

Protect me from Police and Administrative retaliation including threats of incarceration for seeking proper due process reasonable on my rights as understood today.

Restore my commercial opportunity to benefit from my invention yet unregistered improperly or prejudiced against claims from prior art IP inventors with registration initially valued above $5,000,000. Return of all billings and fees of the USPTO and/or Mark Levy in these matters. Damages to be determined and could surpass.

Encumbrance of title pending re-opening the airport restored to status upon Plaintiffs occupancy 1986, Attachment of at least $9,541,000 misappropriated funds violating USC 47133, withheld capital improvements of at least $9,541,000. Title of all City of Cincinnati Properties since occupancy in 1986 encumbered yet improperly transferred including to the City of Blue Ash improperly transferred.

Escrow of $420,000 for the loss of 1311 Lincoln Avenue pending title transfer to the City of Cincinnati of the property at 1311 Lincoln Avenue plus $1,280,000 for 32 years or income prevented, $640,000 for 32 years of expenses inflated.

> Escrow of $78,000 for the loss of N79450 – Cessna 172 pending title transfer to the City of Cincinnati plus $725,000 for loss of use of N79450.

To PRESERVE –stem losses by the Transfer of Escrow to and Title held to Protective Trust managed by Court appointed Trustee <u>pending final determination of Alternative Relief to Defendants</u> on substantive grounds:

> Property titles and funds misallocated from occupancy including alleged transfers to or from the City of Blue Ash pursuant to an improper exchange since 2005.
>
> Funds of my Third Party Interest to include under Section 13 Airport Reconfiguration of the Agreement when Cincinnati and Blue Ash understood the benefits to me and subsequently moved to compel me (or those of my customers and suppliers) to abandon my rights, privilege, or immunities to include "in privity" of contract considered to be sued for breach in this action.
>
> My rent due and escrowed at WesBank Blue Ash in the amount of $180, RENT is paid in full.

In and for the Plaintiffs believed to be acting in the Public Interest, I state under penalty of perjury that the foregoing is true and correct.

Executed on this 24th day of August 2012.

_____
Signature of and for Plaintiffs