# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **JEFFREY SMITH, et al.,** | : | Case No. 1:12CV648 |
| **Plaintiffs,** | : | **Judge Spiegel** |
| | | **Magistrate Judge Litkovitz** |
| | : | |
| | | **MOTION TO DISMISS** |
| **CITY OF CINCINNATI, et al.,** | : | |
| **Defendants.** | : | |

The City of Cincinnati ("City") moves to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The grounds for this motion are set forth in the attached memorandum.

Respectfully submitted,

**JOHN P. CURP (0064782)**
City Solicitor

*/s/ Jessica Powell*
JESSICA POWELL (0073928)
Assistant City Solicitor
Room 214, City Hall
801 Plum Street
Cincinnati, Ohio 45202
(513) 352-3945
FAX: (513) 352-1515
E-mail: jessica.powell@cincinnati-oh.gov
Trial Counsel for City of Cincinnati

**MEMORANDUM IN SUPPORT**

**I.    Facts**

The factual allegations in the Complaint are sparse but seem to involve three, possibly interrelated, incidents: (1)"lack of prosecution on hearing date June 7, 2012, on the lack of Miranda Warning . . ." (2) "petition to revive" a patent application, and (3) "[i]mproper eviction, [i]mproper closure of the Blue Ash Airport . . . ." (Compl. at 4-5).[1] The Plaintiffs' damages appear to result from a "determination improperly denied yet required by statute and by the U.S. Constitution" which sought to "change the status quo or for seeking to abandon their civil duty to rescue Plaintiffs intending malice." (*Id.* at 3).[2] The Defendants have allegedly harassed Plaintiffs by:

> [I]mproper prosecution or police action without prior cause improper by interruption of due process intending takings substantive then by withholding or specific misrepresentation of resolution offer only a Hobson's choice, or no choice at all to "complaint process" that sacrifices my right to defense of the status quo, my rights, my privileges, or my immunities denied.

(*Id.* at 4).

Of these allegations, the only that appear to be levied at the City involve the "improper prosecution" of Case No. /12/CRB/14503 in Hamilton County, Ohio Municipal Court. (*Id.* at 4). The apparent legal basis of Plaintiffs' allegations against the City involves "withholding due process; discrimination, fraud, failure to supervise, improper question to a federal or statute obligation-denial of equal protection, denial of prior notice individual, or illegal alliance." (*Id.*) The factual circumstances of the City's

---

[1] The Complaint does not include numbered paragraphs as required by Fed. R. Civ. Pro. 10(b). For citation purposes, Defendant will reference the Complaint's page numbers.
[2] Presumably, Plaintiffs use of the third person plural refers to each named defendant: the City of Cincinnati, Connie Gallagher (perhaps on behalf of Children's Hospital), U.S. Patent and Trademark

violations remain unclear. Plaintiffs advance several legal allegations including: lack of prosecution, lack of Miranda warning "and other prior notice of jurisdiction before claims of the government," and lack of jurisdiction. (*Id.* at 4).

## II. Law and Argument

Under the Federal Rules of Civil Procedure, the plaintiff must plead "a short and plain statement of the claim" and be "simple, concise and direct." Fed. R. Civ. Pro. 8(a), (e). In addition, the allegations must be made in numbered paragraphs. Fed. R. Civ. Pro. 10(b). Each paragraph must contain a single set of circumstances and claims founded on separate transaction or occurrences. Inclusion of too much detail, extraneous information, or if the allegations are incomprehensible, the complaint may be dismissed. *See Diamond v. Premier Mfg.*, 2012 U.S. Dist. LEXIS 11588, at *12, 2012 WL 313996 (E.D. Mich. Jan. 6, 2012) (dismissing pro se complaint containing "far too much detail, extraneous information, and incomprehensible gibberish").

In addition, to survive a motion to dismiss for failure to state a claim, the substance of the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). But the obligation to accept allegations in a complaint as true is inapplicable to legal conclusions. *Id.* at 1949-50. Furthermore, plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949. A complaint will not survive a motion to dismiss if it contains "threadbare recitals of the elements" of a claim supported by "mere conclusory statements." *Id.*

---

Office, the Commissioner for Patents, and Alesia Brown and Mark Levy (collectively, "Defendants"). (Compl. at 2).

Plaintiffs' Complaint runs afoul of the Federal Rules of Civil Procedure on a number of grounds, both procedurally and substantively. Procedurally, Plaintiffs fail to provide a statement of the facts that is simple, concise, or direct. The allegations of the Complaint are a meandering stream of legal conclusions, not facts and circumstances that might give the City notice of the basis of the claims against it. In addition, the Complaint fails to set forth the allegations in numbered paragraphs as explicitly required by the Federal Rules of Civil Procedure. Substantively, the Plaintiffs have only pleaded legal conclusions against the City, not any factual allegations which might plausibly give a claim to relief. Plaintiffs identify no viable legal theories under which the City could be held liable or facts which might give the City notice of the allegations against it.

In sum, the City is at an utter loss to discern the underlying allegations lodged against it by Plaintiffs, or the basis for any viable legal claims stemming from those. Without clearly-stated factual allegations supporting some viable legal theory, the Complaint must be dismissed.

### III. Conclusion

Based on the foregoing, the City moves this honorable Court to dismiss Plaintiffs' Complaint.

Respectfully submitted,

**JOHN P. CURP (0064782)**
City Solicitor

*/s/ Jessica Powell*
JESSICA POWELL (0073928)
Assistant City Solicitor
Room 214, City Hall
801 Plum Street
Cincinnati, Ohio 45202
(513) 352-3945
FAX: (513) 352-1515
E-mail: jessica.powell@cincinnati-oh.gov
Trial Counsel for City of Cincinnati

## CERTIFICATE OF SERVICE

I hereby certify on September 14, 2012, a true and accurate copy of the foregoing was filed electronically. Notice of this filing will be sent by regular mail to Plaintiffs Jeffrey Smith and Jeffrey Smith for J M Smith (minor) at 6066 Bayberry Drive, Cincinnati, Ohio 45242. All other parties will be served by operation of the Court's electronic filing system and copies will be mailed to any other parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Jessica Powell*
JESSICA POWELL (0073928)