UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |  |
|---|---|---|
| JEFFREY SMITH, et al. | : | Case No. 1:12CV648 |
|  | : |  |
| Plaintiff, | : | Senior Judge S. Arthur Spiegel |
|  | : | Magistrate Judge Karen L. Litkovitz |
| v. | : |  |
|  | : |  |
| CITY OF CINCINNATI, et al., | : |  |
|  | : | **SUGGESTION OF** |
| Defendants. | : | **IMPROPER SERVICE** |
|  | : |  |

The United States Department of Justice, acting by and through the United States Attorney for the Southern District of Ohio, Carter M. Stewart, and Assistant United States Attorney Donetta D. Wiethe, respectfully suggest to the Plaintiff, Jeffrey Smith, the he has failed to effect proper service of process on the Federal Defendants, the U.S. Patent and Trademark Office and its employees, Diane C. Goodwyn and Alesia M. Brown.

The Complaint is not clear as to whether the agency is being sued or if the two individuals are being sued or a combination thereof. Furthermore, it is unclear if the two named individuals are being sued in their official capacities or if the Plaintiff is trying to allege a "*Bivens*" type suit against them in their individual capacities[1].

Two levels of service of process, individual and institutional, are required in actions against federal employees sued in their individual capacities. First, each individual defendant

---

[1] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971)

must be served pursuant to the provisions of Rule 4(c)-(e) of the Federal Rules of Civil Procedure. Personal service is not effected upon an individual by delivery of the summons and complaint to another person not authorized by law or by an appointment to receive such service on behalf of the defendant. *See,* generally, 4A Wright & Miller, *Federal Practice and Procedure* § 1097 (1987). Thus, in the absence of an agency relationship, service on a co-worker is ineffective. *Carter v. Three Unknown Police Officers,* 112 Fed. R.D. 48, 50 (D. Del. 1986); service on a secretary is insufficient, *Lensel v. Cordero*, 659 F.Supp. 889 (D. Puerto Rico, 1987); and service on an attorney is inadequate, *Dandrea v. Malsbary Mfg. Co.,* 839 F.2d 163 (3rd Cir. 1988). In the context of a *Bivens* action, personal service must be accomplished and that the fact that the named defendant has actual notice of the suit is immaterial. *Ecclesiastical Order of the Ism of Am v. Chastin*, 845 F.2d 116 (6th Cir. 1988).

Second, the United States must also be served under Rule 4(i) of the Federal Rules of Civil Procedure. See *Micklus v. Carlson*, 632 F.2d 227 (3rd Cir. 1980); *Lawrence v. Acree*, 79 F.R.D. 669 (D.D.C. 1978); *Dulkiewicz v. Foster*, 88 F.R.D. 85 (D. Mass. 1980). Rule 4(i) provides that service on the United States may be accomplished by delivering a copy of the Summons and Complaint to the United States Attorney for the district in which the action is filed and by serving the Attorney General of the United States by registered or certified mail.

With respect to the claims against the named federal agency, service of process must be perfected pursuant to Rule 4(i)(1)(A), (B), and (C) of the Federal Rules of Civil Procedure.

Courts generally require strict compliance with the service provisions of Rule 4 of the Federal Rules of Civil Procedure. *See e.g., Daly-Murphy Winston,* 820 F.2d 1470 (9th Cir. 1987); *Light v. Wolf*, 816 F.2d 746 (D.C. Cir. 1987); *Williams v. Capital Transit Co.*, 215 F.2d 487

(D.C. Cir. 1954).  Absent proper service, this Court lacks personal jurisdiction.  *Amen v. City of Dearborn*, 532 F.2d 554 (6th Cir. 1976), cert. denied, 465 U.S. 1101 (1984).

The undersigned Assistant U.S. Attorney sent the attached correspondence to Mr. Smith on September 11, 2012 informing Mr. Smith proper service could not be effected until the agency of the United States, the Attorney General of the United States in Washington, D.C. and the United States Attorney's Office were all served with a copy of the Summons and Complaint by registered or certified mail, and that until proper service is effected, the U.S. Patent and Trademark Office could not be appearing in this action.  As of November 7, 2012, proper service has not been effected on any Federal Defendant.  Accordingly, this Court does not have any basis for exercising personal jurisdiction over any of the Federal Defendants.

    Respectfully submitted,

    CARTER M. STEWART
    United States Attorney


    s/Donetta D. Wiethe
    DONETTA D. WIETHE (0028212)
    Assistant United States Attorney
    221 East Fourth Street
    Suite 400
    Cincinnati, Ohio  45202
    (513) 684-3711
    Fax:  (513) 684-6972
    Donetta.Wiethe@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Suggestion of Improper Service was served this 7th day of November, 2012, electronically on:

**W. Stuart Dornette**   dornette@taftlaw.com,docket@taftlaw.com,grote@taftlaw.com

**Thomas L. Feher**   tom.feher@thompsonhine.com,docket@thompsonhine.com, kristina.szalai@thompsonhine.com

**Jessica Leigh Powell**   jessica.powell@cincinnati-oh.gov

and by regular U.S. Mail on:

Jeffrey Smith
6066 Bayberry Dr.
Cincinnati, OH 45242

                                                                                             s/Donetta D. Wiethe
                                                                                             DONETTA D. WIETHE (0028212)
                                                                                             Assistant United States Attorney