UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JEFFREY SMITH, *et al.*,<br>Plaintiffs,<br><br>vs.<br><br>CITY OF CINCINNATI, *et al.*,<br>Defendants. | Case No. 1:12-cv-648<br><br>Spiegel, J.<br>Litkovitz, M.J.<br><br>**ORDER AND REPORT AND**<br>**RECOMMENDATION** |

Plaintiff, Jeffrey Smith, proceeding pro se, brings this action on behalf of himself and J.M. Smith, plaintiff's minor son, against defendants the City of Cincinnati, Connie Gallagher, the United States Patent and Trademark Office, Diane C. Goodwin, Alesia M. Brown, and Mark Levy, alleging violations of his and J.M. Smith's constitutional rights. (Doc. 1). This matter is before the Court on: (1) plaintiffs' motion for an emergency stay (Doc. 4); (2) plaintiffs' motion to consolidate the complaint and for summary judgment (Doc. 10) and defendant City of Cincinnati's response in opposition (Doc. 18); (3) defendants Mark Levy, City of Cincinnati, and Constance Gallagher's motions to dismiss to which plaintiffs have not responded (Docs. 11, 14, 15) and defendants Mark Levy and Constance Gallagher's reply memorandums (Docs. 19, 20); (4) plaintiffs' motion to trial (Doc. 22); (5) plaintiffs' motion to stay (Doc. 24) and defendant Connie Gallagher's response in opposition (Doc. 25); and (6) plaintiffs' call to action. (Doc. 26).

The Court will address the motions in turn.

## I. Plaintiffs' Motion for an Emergency Stay (Doc. 4)

Plaintiffs request that the Court enter an order enjoining the City of Cincinnati from transferring any property titles related to the Cincinnati Blue Ash Airport asserting that the property is encumbered. Plaintiffs further seek to have the Court stay all administrative hearing

or police actions related to 1311 Lincoln Avenue, 45206, claiming that these actions are subject to res judicata principles.

Plaintiffs' motion does not provide any specific facts which would permit the Court to grant plaintiffs' requests. Upon review of plaintiffs' motion and complaint, the undersigned is unable to discern plaintiffs' relationship to the Cincinnati Blue Ash Airport property, how plaintiffs have standing to seek an injunction of any purported sale of this property, how this property is encumbered as plaintiffs contend, or whether the property is subject to or being transferred. Plaintiffs' requests pertaining to the Lincoln Avenue property are equally vague. There are no allegations in the complaint nor are there details in plaintiffs' motion from which the Court is able to determine plaintiffs' interest in this property or whether this Court has jurisdiction or the authority to enter the Order plaintiffs request. Plaintiffs have attached a "Reschedule Notice" dated August 27, 2012 from the City of Cincinnati directed to plaintiff regarding an administrative hearing for plaintiff Jeffrey Smith's alleged violations of Cincinnati Municipal Codes. Yet, it remains unclear what specific relief plaintiffs seek and whether this Court has the authority to provide it. As plaintiffs' motion fails to provide any basis in law or fact for the Court to issue the injunctions requested, it is **DENIED**.

## II. Plaintiffs' Motion to Consolidate and for Summary Judgment (Doc. 10)

Plaintiffs' motion appears to relate to an aircraft owned by plaintiff Jeffrey Smith which is housed at the Cincinnati Blue Ash Airport. Plaintiffs assert that third-parties improperly entered the aircraft and that defendants have discriminated against or harassed them by not allocating federal funds to the Cincinnati Blue Ash Airport. Plaintiffs further assert that defendants illegally entered and possessed property at 1311 Lincoln Avenue pursuant to a notice of eviction and that associated hearings and citations were "illegal." (Doc. 10 at 7-9).

Again, plaintiffs' motion is largely undecipherable and provides no clear basis which would permit the Court to grant the relief requested. While plaintiffs request that this matter be consolidated, they do not sufficiently identify the other matter with which it should be consolidated. Due to this vagueness, plaintiffs' motion to consolidate is denied.

To the extent plaintiffs seek summary judgment on any claim raised by the complaint, the undersigned recommends that plaintiffs' motion be denied. Federal Rule of Civil Procedure 56 governs motions for summary judgment. Rule 56 requires parties moving for summary judgment to show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Parties raising summary judgment motions must support their factual positions with admissible evidence. Fed. R. Civ. P. 56(c)(1).

Plaintiffs have presented no evidence whatsoever in support of their motion for summary judgment. As such, the motion must be denied pursuant to the requirements of Fed. R. Civ. P. 56. Further, defendant City of Cincinnati has requested that the motion be denied pursuant to Fed. R. Civ. P. 56(d) due to the early procedural posture of this case. (Doc. 18 at 2). The undersigned agrees. Accordingly, plaintiffs' motion for summary judgment should be denied for failure to comply with the requirements of Fed. R. Civ. P. 56(a) or, alternatively, it should be denied as premature pursuant to Fed. R. Civ. P. 56(d).

**III. Defendants' Motions to Dismiss (Docs. 11, 14, 15)**

Defendants Mark Levy, City of Cincinnati, and Constance Gallagher move for dismissal of plaintiffs' claims pursuant to Rule 12(b)(6), Fed. R. Civ. P., asserting that plaintiffs' complaint fails to state any legally cognizable claims against them.

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Furthermore, the plaintiff must provide in the claim "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555).

It is well-settled that a document filed pro se is "to be liberally construed" and that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. . . ." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). However, the Sixth Circuit has recognized the Supreme Court's "liberal construction" case law has not had the effect of "abrogat[ing] basic pleading essentials" in pro se suits. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989). Courts are not required to devote time to a case when the nature of a pro se plaintiff's claim "defies comprehension." *Roper v. Ford Motor Co.*, No. 1:09cv427, 2010 WL 2670827, at *3 (S.D. Ohio April 6, 2010) (Report & Recommendation), *adopted*, 2010 WL 2670697 (S.D. Ohio July 1, 2010) (citing *Jones v. Ravitz*, No. 07-10128, 2007 WL 2004755, at *2 (E.D. Mich. July 6, 2007)).

Plaintiffs' allegations against defendants Mark Levy, City of Cincinnati, and Constance Gallagher are insufficient to state a claim for violations of their rights as guaranteed by the Constitution of the United States or under any federal statute. Plaintiffs simply name these

4

defendants in the caption of their complaint but allege no facts whatsoever regarding their conduct which would suffice to state any cognizable claim. Even under the liberal construction afforded to pro se plaintiffs, the instant complaint must be dismissed. The complaint fails to include any allegations as to how, why, or for what conduct these individuals have been named as defendants. *See Jackson v. Gill*, 92 F. App'x 171, 173 (6th Cir. 2004) (failure to include any factual allegations supporting claims is sufficient basis for dismissing pro se plaintiff's claims); *Dugan v. Martin Marietta Aerospace*, 760 F.2d 397, 399 (2d Cir. 1985) (same). Rather, to the extent that it is decipherable, plaintiffs' complaint consists entirely of legal conclusions that defendants have violated their constitutional and federal rights. Such vague and conclusory allegations are precisely the type prohibited by *Iqbal* and *Twombly* and, accordingly, cannot survive defendants' Fed. R. Civ. P. 12(b)(6) motions to dismiss. *See Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citing *Iqbal*, 556 U.S. at 678) (court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief). Accordingly, the undersigned recommends that defendants Mark Levy, City of Cincinnati, and Constance Gallagher's motions to dismiss (Docs. 11, 14, 15) be granted.

The Court notes that defendants Diane C. Goodwyn, Alesia M. Brown, and the United States Patent and Trademark Office have not filed an appearance or a responsive pleading. Regardless, the Court recommends that plaintiffs' claims against these defendants be dismissed as plaintiffs have failed to state a facially plausible claim for relief against any of them.

The Court's authority "to screen and *sua sponte* dismiss complaints under 28 U.S.C. § 1915(e)(2) is limited to those complaints filed *in forma pauperis*." *Price-II v. Ragan*, No. 08-14472-BC, 2008 WL 5381600, at *1 (E.D. Mich. Dec. 22, 2008) (citing *Benson v. O'Brian*, 179

5

F.3d 1014, 1015 (6th Cir. 1999)). Section 1915 deals specifically with complaints brought by *in forma pauperis* litigants. Here, however, plaintiff has paid the filing fee. *See* Doc. 1, Ex. 2 (filing fee receipt). "Generally, a district court may not sua sponte dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." *Apple v. Glenn*, 183 F.3d 477, 478 (6th Cir. 1999). Where, however, a plaintiff's complaint consists of allegations that "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion[,]" the district court may sua sponte dismiss the complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *Id.* at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974). In the case of such meritless allegations, a plaintiff need not be given the opportunity to amend his complaint.

The undersigned recommends that plaintiffs' claims against Diane C. Goodwyn, Alesia M. Brown, and the United States Patent and Trademark Office be dismissed sua sponte for lack of subject matter jurisdiction. Plaintiffs' complaint contains no factual allegations directed at any of these defendants, much less any from which the Court could draw the reasonable inference that they are liable to plaintiffs for any alleged misconduct. *See Iqbal*, 556 U.S. at 663; *Dugan*, 760 F.2d at 399. Again, plaintiffs' complaint contains vague, unintelligible, and conclusory claims couched as factual allegations. Such allegations fail to comply with the pleading requirements laid out by Fed. R. Civ. P. 8 or the standards enunciated in *Iqbal* and *Twombly*. *See Lillard*, 76 F.3d at 726 ("in the context of a civil rights claim . . . conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under section 1983"). Here, as plaintiffs' complaint contains no factual allegations whatsoever against any defendant, including Diane C. Goodwyn, Alesia M. Brown, and the United States

Patent and Trademark Office, it must be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6) or, alternatively, for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

### IV. Plaintiffs' Motion to Trial (Doc. 22)

Plaintiffs' motion was filed in connection with a separate lawsuit filed in this district, *Smith, et al. v. Indian Hill Exempted Village School Dist., et al.*, No. 10-cv-718 (S.D. Ohio 2010). The motion only appears on the instant docket at plaintiffs' request and assumption that this matter was consolidated with the *Indian Hill* case. *See* Doc. 22 at 8. However, the district judge in this matter expressly determined that the instant case was not related to the *Indian Hill* matter and entered an order explicitly stating this. *See* Doc. 9 (Case Memorandum Order). Accordingly, the undersigned concludes that plaintiffs' motion to trial was improperly filed in this case and, consequently, it is denied.

### V. Plaintiffs' Motion to Stay (Doc. 24)

Plaintiffs' motion to stay requests that the Court "take non-dispositive actions herein with jurisdiction and fulfill the duty to determination that properly requires a stay of all the city in local and state actions against the plaintiffs. The Municipal Court of Judge Russel Mock should be shut down pending apprehension." (Doc. 24 at 2). Further, plaintiffs request that the Court appoint a special prosecutor and order the Attorney General and Federal Bureau of Investigation "to be made available for expedited apprehension and criminal prosecution . . . ." *Id.* at 3. Despite its best efforts, the Court is wholly unable to discern what relief plaintiffs request. To the extent plaintiffs seek an order "shutting down" a municipal court, the Court is without any jurisdiction or authority to grant such a request nor have plaintiffs articulated any legal basis for doing so. Moreover, as plaintiffs' motion appears to relate entirely to matters currently before

the municipal court involving parties not involved in the instant case, the motion is improper. For these reasons, plaintiffs' motion to stay is denied.

## VI. Plaintiffs' Call to Action (Doc. 26)

Similar to plaintiffs' motion to trial (Doc. 22), plaintiffs' "call to action" was filed in connection with the *Indian Hill* litigation and was filed in the instant case at plaintiffs' request. *See* Doc 26 at 1. As stated above, the *Indian Hill* litigation was not consolidated with this case. *See* Doc. 9. The undersigned concludes that plaintiffs' call to action was improperly filed in this case and it is therefore denied.

## VII. Conclusion

For the reasons stated herein, plaintiffs' motion to stay (Doc. 4) is **DENIED**; plaintiffs' motion to consolidate (Doc. 10) is **DENIED**; plaintiffs' motion to trial (Doc. 22) is **DENIED**; plaintiffs' motion to stay (Doc. 24) is **DENIED**; and plaintiffs' call to action (Doc. 26) is **DENIED**.

Further, **IT IS RECOMMENDED THAT** plaintiffs' motion for summary judgment (Doc. 10) be **DENIED**; defendants Mark Levy, City of Cincinnati, and Constance Gallagher's motions to dismiss (Docs. 11, 14, 15) be **GRANTED**; and plaintiffs' claims against defendants Diane C. Goodwyn, Alesia M. Brown, and the United States Patent and Trademark Office be **DISMISSED**.

Date: 2/13/13

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEFFREY SMITH, *et al.*,
    Plaintiffs,

vs.

CITY OF CINCINNATI, *et al.*,
    Defendants.

Case No. 1:12-cv-648

Spiegel, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Jeffrey Smith
6066 Bayberry Dr.
Cincinnati, Ohio 45242

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☒ Agent
☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)
7011 3500 0001 5345 5215

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540