

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEFFREY SMITH, ET AL., : CASE NO. **1:12-CV-00648**
Judges Spiegel, Litkovitz.

PLAINTIFF/APPELLANTS, :

to also be copied to the docket of
**1:10-CV-00718,** Chief Judge Susan
J. Dlott, Mag. Judge Stephanie K.
Bowman, as consolidated case.

**PLAINTIFFS' MOTION FOR CONTINUANCE**

VS.

CITY OF CINCINNATI, ET AL
AND
INDIAN HILL EXEMPTED
VILLAGE SCHOOL DISTRICT, ET AL.

(of standing today by appeal decree
federal docket entries consolidated)

DEFENDANTS/APPELLEES

### Plaintiffs' Motion for Continuance

In fulfillment of non-dispositive rights to include a single consolidated response, Plaintiffs' move the District Court to continue the opportunity to respond to the February 13, 2013 action by Judges Spiegel/ Litkovitz to April 19, 2013 or 30 days after the 6th Circuit of the Federal Court of Appeals resolves matters of the Plaintiffs.

### Memorandum in Support

It is within the proper discretion of the Court to make available the opportunity reserved by this continuance action allowing more time for Plaintiffs' response to the

Order, Report, and Recommendation dated February 13, 2013 and received by the Plaintiffs by mail on February 15, 2013, and allow in response herein but incomplete of necessary conditions and information needed to complete response to also place all Parties on notice[1] again and to respect the protection[2] and right of appeal[3] sought by the Plaintiffs in good faith.

Please reference the co-filed <u>Plaintiffs' Objection Notice of Improper Response and Irrefutable Expiration of Defendants' Right to Due Process, Plaintiffs' Motion for Witness Protection Irregardless of Grand Jury Indictment of the Defendants, and (Muni) Defendants' Report of 2-26-2013</u>, for additional grounds.

This case as pending docket correction to recognize consolidated matters and parties to the Plaintiffs' properly bringing jurisdiction to the Court <u>hinges on a question of law</u> improperly raised by the District Court and all necessary law in the apprehension are joined with Plaintiffs' briefs by the 6th Circuit Federal Court of Appeals Decree on November 1, 2012. **There is no question of law.**

The <u>facts are largely unchanged</u> except to become by apprehension irrefutable and ineligible to challenge as events transpired without a Court Order by the Defendants and on absence of Defendant Petition in matters necessary before they sought and/or changed the status quo. Withholding by willful failure to disclose improperly evades Defendant duty and prejudiced due process rights of the Plaintiffs. Most recent is the now irrefutable seizure of the real property referenced as 1311 Lincoln Avenue revealed by

---

[1] See co-filed Plaintiff actions today that include Plaintiffs' Notice of Improper Response and Notice of imminent expiration...

[2] See co-filed Plaintiff action today of Plaintiffs' Motion to Grand Jury Hearing and Plaintiffs' Witness Protection.

[3] Refer to Plaintiffs' Notice of Appeal filed January 28, 2013 and Plaintiffs' Motion to Corrective Order improperly misrepresented to exclude Defendants prior served and in matters raised as necessary of the same pattern of due process abuses and in response to Decree of "res judicata" by Judge Dlott in 2011. All Parties became joined proper to Plaintiffs' due process action upon August 24, 2012 upon non-dispositive guidance by the District Court Clerk necessary but withheld until the Clerk in July 2012 letter disclosed improper transmittal in service to the District Court involving matter fixed by joining the Parties amended properly on August 24, 2012 in offer of judgment docketed by the Clerk of the Court.

City confession on December 31, 2012 and subsequently misrepresented in a letter on February 6, 2013 withheld from the Municipal Court and absent a Court Order making such now admissible as evidence of City of Cincinnati in fraud with malice. **There is no question of facts.**

The U.S. Supreme Court in the Affordable Care Act Decree last year joined only representation of the Executive/Administrative Agencies that jurisdiction authority is available only as a non-discriminatory non-classifying matter and as I briefed before November 1, 2012 (date of the Decree highest in these matters) then to be joined also to these matters by Rule of Law established by that 6th Circuit Federal Appeals Court Decree. Also joined are the strict requirements to overturn the Appellee representations made by the Other Parties prior that a misrepresentation of a contract may not be misused to ignore my right to withhold consent.

All Defendants joined herein of all the matters made violation of the Plaintiffs and all in facts and law irrefutably allow the Plaintiffs' claims (as joined by the Decree as Plaintiffs prior objected to the Banner errors and corrected such on the Petition for Rehearing upon which the Decree resulted).

With only the exception of the irrefutable seizure of real property denied of Plaintiff access at 1311 Lincoln Avenue (improper response to the Plaintiffs in Court with jurisdiction unopposed or then to become improperly opposed, as was the aircraft N79450 on or before August 29, 2012), the facts are substantively the same. The law is procedurally the same except to be irrefutably joined by the Decree to make a sufficiency challenge or further District Court action challenging what is resolved on a false basis of dismissal or ignoring the Plaintiffs as the prevailing party in a judgment to be a violation of the Plaintiffs. What has changed toward resolution that can stand up to appeal is the apprehension by procedure actions of the Plaintiffs in good faith was improperly stymied. Such impropriety now is joined to the apprehension necessary under the prior disclosed 42 U.S.C. 1983 requirements without exception and without safe harbor to the District Court or to any of the Other Parties opposing the Plaintiffs.

Abuse of the Plaintiffs by a violation of Decree unreasonable and/or making declaratory relief unavailable to the Plaintiffs, and by City actions compounding the violations taken improperly in Municipal patterns of the Defendants or all in actions prior against the Plaintiffs eligible for the claims and absent jurisdiction unreasonable as demonstrated in escalation improper by the City of Cincinnati in the Municipal Court diversion in malice of my due process jurisdiction supreme by procedure docketed and full compliance of the Plaintiffs where disclosures properly are made by the Defendants. A trial from here cannot reverse or "fix" and the opposing parties cannot bring evidence to the defense of these abuses onto the Plaintiffs. Therefore, the apprehension is reasonable and now completed.

All Defendants improperly in a pattern of misconduct eligible for apprehension sought (and except for the Plaintiffs objection on reasonable withholding of consent and for each Defendant at least one notice in writing for all Defendants) to change the status quo or diminish equal protection of opportunity for the Plaintiffs by willful failure to disclose, and for each and all, no offer of resolution made in good faith makes them all jointly liable to the Plaintiffs in matters brought properly to the federal court supreme in jurisdiction and pursuant to 42 U.S.C. 1983 without exception now apprehended. Without efforts toward resolution and in free choice after proper service of notice of their responsibilities improperly ignored as they have no right to presume defense in hearing represented by their counsel in malice, all have irrefutably violated the Plaintiffs. Plaintiffs were improperly maneuvered then compelled or otherwise rendered without choice in denial of opportunity, or discrimination for denial of equal protection. All have properly and in the public interest become liable without limit to the amount of redress as my privilege or as my right un-severable. All Defendants in malice violated by immunity by improper use of the Court system to retaliate for the Plaintiffs' reasonable expectations of each Defendants' good faith apprehended now to find absence or withheld including due process compliance with the rule, limits, or disclosure requirements subsequently apprehended to reveal only Defendant violations and disregarded safeguards observed only by the Plaintiffs should have resulted in the

immunity of the Plaintiffs and reasonable resolution before taking illegal, seizure illegal, or search illegal changed the status quo and now stand apprehended.

I state under penalty of perjury that the foregoing is true and correct - Executed on this 27th day of February, 2013 with presumption that docket is to become combined of 1:10-CV718 and of 1:12-CV-648 as one case consolidated and governed by final decision favoring only the Plaintiffs on grounds of non dispositive compliance with November 1, 2012 of the 6th Circuit Federal Court of Appeals.

Respectfully submitted,

Jeffrey Smith for the Plaintiffs
6066 Bayberry Dr. Cincinnati Ohio 45242
Phone: 513 791 5074 or 513 470 0583 cell

ATTACH: also filed: (Muni) Defendants' Report of 2-26-2016


**Service by regular mail sent within one day of filings:**

Parties of the cause 1:10-CV- 718 decided by cause 11-4317 in the proper jurisdiction of the 6th Circuit Federal Court of Appeals as recorded by federal docket consolidated of November 1, 2012:

For ODE and for Superintendent of Public Instruction, and for counsel:
Sharon Jennings, The Ohio Department of Education, State of Ohio
Todd R. Marti, Ohio Department of Education,
30 East Broad Street 16th floor, Office of the Attorney General Richard Cordray or Mike Dewine of Ohio, Columbus Ohio 43215

For other State Defendants:

Linda Warner IHO, 36881 Wickham Rd., Pomeroy Ohio 45769
Rick L. Weil
Suite 1700, 525 Vine Street

Cincinnati Ohio 45202-3123

Linda Mosbacher IHO, 6381 Clark State Road, Ghanna Ohio 43230

Monica Bohlen SLRO, 2020 URS Center
36 E. Seventh Street, Cincinnati Ohio 45202

For IHEVSD including for Jane Knudson, Superintendent of Schools, Molly Barber, Vice President, and for counsel Lee Geiger, Lyndsey Cater: For IHEVSD and for Superintendent of Schools, Dr. Jane Knudson, Lee Geiger, Lyndsey Cater, - Graydon Head

R. Gary Winters – McCalin, Imbus & McCaslin
632 Vine Street, Suite 900, Cincinnati Ohio 45202

Parties of the cause 1:12-CV- 648, properly joined then decided by cause 11-4317 in the proper jurisdiction of the 6th Circuit Federal Court of Appeals as recorded by federal docket consolidated of November 1, 2012:

City of Cincinnati
   Thomas Beridon Jessica Powell, and Keith C. Forman for John P. Curp, City of Cincinnati Solicitor, 801 Plum St. Room 214 Cincinnati Ohio 45202

Connie Gallagher
Director of Admitting and Utilization Review
Cincinnati Children's Hospital
Mail location 6019 or 5038, Children's Hospital
3333 Burnet Avenue
Cincinnati, Ohio 45229
   W. Stuart Dornette, Taft, Stettinius & Hollister L.L.P.
   425 Walnut Street Suite 1800
   Cincinnati Ohio 45202

United States Patent and Trademark Office
   Donettal D. Wiethe
   Assistant United States Attorney
   Southern District of Ohio
   Atrium II

221 E. Fourth Street, Suite 400
Cincinnati, OH 45202

Diane C. Goodwyn
Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria VA 22313-1450

Alesia M. Brown
Attorney Advisor
Office of Petitions Mail Stop PETITION
Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria VA 22313-1450

Mark Levy
Thompson Hine L.L.P., Intellectual Property Group
Austin Landing I
10050 Innovation Dr. Suite 400
Dayton OH 45342-4934
    Thomas L. Feher
    3900 Key Center
    127 Public Square
    Cleveland Ohio 44114-1291